UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ANGELA HUSKEY, ) <br> ) <br> Defendant. ) | No. **4:17CR00296 RWS** |

## INFORMATION

The United States Attorney charges that:

### GENERAL ALLEGATIONS

1. At all times relevant to this Information, Defendant ANGELA HUSKEY was an employee of the Grandview R-2 School District ("Grandview").

2. HUSKEY began working at Grandview in 1996, at which time she worked on accounts payable.

3. In 2002, HUSKEY was promoted to the position of administrative assistant.

4. In 2009, HUSKEY was promoted to Business Manager for Grandview.

### THE SCHEME

5. Beginning at least as early as July 30, 2006, and continuing through at least October 20, 2016, the defendant, ANGELA HUSKEY, with the intent to defraud, devised a scheme to defraud the Grandview R-2 School District, and to obtain money and property from Grandview, through the use of material false representations, pretenses, and promises, both express and

implied, and active concealment of material information, including but not limited to concealing her embezzlement of money from Grandview, as further detailed below.

### MANNER AND MEANS OF THE SCHEME

6. The manner and means of the aforementioned scheme are further described as follows:

a. It was further part of the scheme that HUSKEY would embezzle money from Grandview by making payments directly to herself, which payments HUSKEY would then conceal from Grandview by making materially false entries into Grandview's books of account to make it appear that any such payments had been made to a legitimate vendor. In truth and in fact, HUSKEY had made all such payments to herself directly and had done so without authorization from Grandview.

b. It was further part of the scheme that HUSKEY would embezzle money from Grandview by making payments directly to herself, which payments HUSKEY would then conceal from Grandview by making materially false entries into Grandview's books of account to make it appear that any such payments had been made to other employees, and by causing Internal Revenue Service Form W-2s to be issued to such employees that falsely overstated those employees' actual wages. In truth and in fact, HUSKEY had made all such payments to herself directly and had done so without authorization from Grandview. HUSKEY caused false W-2s to be issued to no fewer than 18 Grandview employees, each of whom paid more income tax than he or she actually owed as a result of the overstatement.

c. It was further part of the scheme that HUSKEY would embezzle money from Grandview by making payments to various vendors for goods and services that she had personally

2

purchased from the vendor, which payments were made from accounts of Grandview, but which HUSKEY had not been authorized to so make.

d. It was further part of the scheme that HUSKEY would embezzle money from Grandview by making payments to various banks to which HUSKEY was indebted in order to partially satisfy that indebtedness, which payments were made from accounts of Grandview, but which HUSKEY had not been authorized to so make.

e. As a part and result of the scheme, HUSKEY obtained no less than $1.6 million in fraudulent proceeds from Grandview, which funds HUSKEY used for her own personal benefit and the benefit of others.

## COUNT I
### (Mail Fraud)

7. Each of the allegations in Paragraphs 1 through 6 of this Information is hereby incorporated by reference as if fully set forth herein.

8. On or about January 31, 2016, in the Eastern District of Missouri, having devised the above-described scheme and artifice to defraud and to obtain money through material false and fraudulent pretenses, representations, and promises, and for the purpose of executing and attempting to execute that scheme, the Defendant

**ANGELA HUSKEY**

did knowingly cause to be delivered by mail according to the direction thereon a matter, to wit, an envelope containing Internal Revenue Service Form W-2 for an individual with the initials L.T., which form was materially false in that it materially overstated the income earned by L.T. in the preceding calendar year.

3

In violation of Title 18, United States Code, Sections 1341 and 2.

### FORFEITURE ALLEGATIONS

9. Pursuant to Title 18, United States Code, Sections 981(a) and Title 28, United States Code, Section 2461(c), upon conviction of an offense in violation of Title 18, United States Code, Section 1341 as set forth in Count I, the defendant shall forfeit to the United States of America any property, real or personal, constituting or derived from any proceeds traceable to said offense.

10. Subject to forfeiture is a sum of money equal to the total value of any property, real or personal, constituting or derived from any proceeds traceable to said offense.

11. Specific property subject to forfeiture includes, but is not limited to, the following:

a. $60,700.00 supporting a First State Community Bank check #588861;

b. $52,000.00 supporting a Bank of the West check #1002295859;

c. $10,000.00 supporting a First State Community Bank check #604126;

d. $7,300.00 supporting a First State Community Bank check #604100;

e. $25,000.00 supporting a Lucas Smith Chrysler Center check #53422;

f. $2,500.00 supporting a First State Community Bank check #605176;

g. $42,000.00 supporting a Farmers Insurance Federal Credit Union check #14002374; and

h. real property located at 1005 Paradise Landing, Unit 4, Kimberling City, Missouri.

12. If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

      d.      has been substantially diminished in value; or

      e.      has been commingled with other property which cannot be divided without difficulty,

the United States of America will be entitled to the forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

CARRIE COSTANTIN
Acting United States Attorney

_____
RICHARD E. FINNERAN, #60768MO
GWENDOLYN E. CARROLL, #4651009NY
Assistant United States Attorneys

UNITED STATES OF AMERICA )
EASTERN DIVISION )
EASTERN DISTRICT OF MISSOURI )

I, Richard E. Finneran, Assistant United States Attorney for the Eastern District of Missouri, being duly sworn, do say that the foregoing information is true as I verily believe.

_____
RICHARD E. FINNERAN, #60768MO

Subscribed and sworn to before me this 29 day of June, 2017.

_____
CLERK, U.S. DISTRICT COURT

By: _____
DEPUTY CLERK